UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

**PRIORITY SEND**

| Case No. | CV 07-8080 DSF (PJWx) | Date | 2/26/08 |
|---|---|---|---|
| Title | Clark, et al. v. Liberty Mutual Fire Insurance Co. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Yvette Louis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) **SECOND ORDER TO SHOW CAUSE RE REMAND TO STATE COURT**

   On January 10, 2008, the Court ordered Defendant Liberty Mutual Fire Insurance Company to show cause why this matter should not be remanded for lack of subject matter jurisdiction. (Jan. 10, 2008 Order To Show Cause Re Remand To State Court for Lack of Subject Matter Jurisdiction ("OSC").) The Court noted that Defendant had alleged the residence, rather than the citizenship, of Plaintiffs, and that Defendant's allegations regarding its own citizenship were inadequate under Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990), because Defendant had not established its principal place of business. Also, Defendant had not adequately established that the amount in controversy exceeds $75,000 exclusive of interest and costs.

   In its response to the OSC, Defendant has adequately established that it is a citizen of Wisconsin and either Florida or Massachusetts. However, Defendant does not provide evidence of Plaintiffs' citizenship. Defendant has also not established that the amount in controversy exceeds $75,000, exclusive of interest and costs. As Defendant notes, the Complaint prays for "compensatory damages in an amount in excess of one hundred thousand dollars ($65,000) . . . ." (Prayer ¶ 1.) But it is unclear from this statement whether Plaintiff seeks $65,000 or $100,000. "If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992).

   Taking into consideration Defendant's request for thirty days to conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**PRIORITY SEND**

jurisdictional discovery, the Court orders Defendant to show cause in writing no later than **April 26, 2008** why this action should not be remanded.  If Defendant requires time beyond that date to complete jurisdictional discovery, Defendant may request that time on or before the above deadline.  This deadline shall not extend the time for responding to any motion for remand filed by Plaintiff.  Plaintiff may submit a response in the same time period.  The parties are reminded that courtesy copies are to be delivered to Chambers.  Failure of Defendant to respond by the above date may result in the Court **remanding** this action to state court.

The Court further orders the Court Clerk promptly to serve this order on both parties.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**PRIORITY SEND**

Initials of Deputy Clerk: yrl